**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jerrell Trovase Brockman, Appellant.

Appellate Case No. 2018-002014

---

Appeal From Chester County
Brian M. Gibbons, Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-103
Submitted March 1, 2021 – Filed March 31, 2021

---

**AFFIRMED**

---

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, all for Respondent.

---

**PER CURIAM:** Jerrell T. Brockman appeals his convictions for armed robbery, assault and battery, and kidnapping. The trial court sentenced Brockman to ten years' imprisonment for assault and battery and ten years' imprisonment for

kidnapping, which it ran consecutive to a sentence of twenty-five years' imprisonment for armed robbery. On appeal, Brockman argues the trial court erred by admitting testimony regarding dog tracking evidence because the trail was contaminated. We affirm pursuant to Rule 220(b), SCACR.

We find the trial court did not abuse its discretion by admitting testimony regarding the dog tracking evidence.[1] *See White*, 382 S.C. 265, 269, 676 S.E.2d 684, 686 (2009) ("A trial court's decision to admit or exclude expert testimony will not be reversed absent a prejudicial abuse of discretion."); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."). Officer Nick Harris testified the armed robbery call came through dispatch at 7:51 p.m., and he arrived at the incident location approximately forty-five seconds later. He stated that once he arrived, "[N]obody came near the scene and where [the suspect] had supposedly r[u]n," and no one ever indicated that someone walked through the actual spot where the victim was robbed. Sergeant Terry Michael Roberts stated the perimeter was "locked down pretty good" by approximately 7:56 p.m. Although Brockman asserts the trail was contaminated, there were only two instances of possible contamination elicited from witness testimonies and in both instances, police testified that although an individual or vehicle may have come near the trail, no one walked through the actual spot the victim was robbed. Officer Harris testified he was aware of a man who had walked nearby carrying a chainsaw prior to his arrival; however, he explained that based on what he was told about where the man walked, it was not in the direction of the trail. He also acknowledged a truck came through the perimeter and drove alongside the church but stated he stopped the car from moving further until they were finished with the scene. Deputy Matt Faile also testified the truck did not drive into the area where the robbery had taken place.

---

[1] On appeal, Brockman only argues the sixth prong of the *State v. White* test was not met. Accordingly, we have reviewed the admissibility of the dog tracking evidence only as it relates to prong six. *See State v. White*, 382 S.C. 265, 272, 676 S.E.2d 684, 687 (2009) ("[A] sufficient foundation for the admission of dog tracking evidence is established if (1) the evidence shows the dog handler satisfies the qualifications of an expert under Rule 702; (2) the evidence shows the dog is of a breed characterized by an acute power of scent; (3) the dog has been trained to follow a trail by scent; (4) by experience the dog is found to be reliable; (5) the dog was placed on the trail where the suspect was known to have been within a reasonable time; and (6) the trail was not otherwise contaminated.").

Additionally, Sheriff Alex Underwood testified he did not observe any activity that would have contaminated the scene or hindered the dog from tracking the scent of the suspect. He explained the perimeter at the incident location was "set up pretty quickly" and when police learned of the second location, a task force locked down that area and the dog was able to strike on the scent. Because there was no testimony suggesting the actual trail was contaminated, we find the evidence supports the trial court did not abuse its discretion by admitting the dog tracking evidence.[2]

**AFFIRMED.**[3]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[2] As to Brockman's argument the trial court failed to consider the reliability of whether the trail was contaminated, we find no error. The trial court acknowledged Brockman's "main argument" was the contamination of the scene. It then stated it was "satisfied from what [it] heard that that goes more toward the credibility than it does admissibility of the evidence." The trial court's statement indicated the evidence was admissible because there was no testimony the actual trail was contaminated, and properly concluded that whether the perimeter was actually secure was a credibility question for the jury.

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.